

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 26, 1968

Hon. Robert O. Smith
County Attorney
Travis County Courthouse
Austin, Texas

Opinion No. M- 247

Re: Whether the Texas Motor
Carrier Act is violated
when a company picks up
and delivers metal belong-
ing to its customers for
galvanization under the
particular facts stated?

Dear Mr. Smith:

Your letter, and brief, of June 12, 1968, requesting
an opinion of this office presents the following question:

"Does a company violate the Texas Motor
Carrier Act when it picks up and delivers
metal belonging to its customers for the
purpose of galvanizing the same when the
following facts are shown to exist, to-wit:
(1) the company does not have a certificate
of convenience and necessity issued by the
Texas Railroad Commission; (2) the trans-
portation equipment is owned by the company
providing the galvanizing process; (3) no
charge is made by the company for the trans-
portation of the metal to and from the company
plant for the galvanizing process; (4) the
same charge is made for the galvanizing pro-
cess whether the company or the customer trans-
ports the metal to and from the company plant;
(5) the transportation of such metal by the
company requires the use of a highway between
two or more incorporated cities in the State
of Texas; (6) all of the transportation would
be within the State of Texas." (Emphasis added).

No "motor carrier" shall operate any motor-propelled
vehicle for the purpose of transportation or carriage of

-1200-

property for compensation or hire over any public highway in the state without having first obtained from the Railroad Commission a certificate of public convenience and necessity or a permit to do so. Secs. 2, 3, 5 & 5a(b), Art. 911b, V.C.S.

"Motor carrier" is defined by Sec. 1(g), Art. 911b as follows:

> "(g) The term 'motor carrier' means any person, firm, corporation, company, co-partnership, association or joint stock association, and their lessees, receivers, or trustees appointed by any court whatsoever owning, controlling, managing, operating, or causing to be operated any motor-propelled vehicle used in transporting property for compensation or hire over any public highway in this state, where in the course of such transportation a highway between two or more incorporated cities, towns, or villages is traversed." (Emphasis added.)

Applying the foregoing "motor carrier" definition to the facts submitted, we find that the controlling question confronting us is whether the company would be transporting property for compensation or hire.

Since no additional charge is made by the company for picking up and delivering these materials and the price paid by the customer for the galvanizing service is the same whether the material is transported by the company or by other means, we agree with your conclusion that the company is not transporting property for compensation or hire nor otherwise operating as a "motor carrier" such as would be regulated by the Texas Motor Carrier Act. New Way Lumber Co. v. Smith, 128 Tex. 173, 96 S.W.2d 282 (1936); Attorney General's Opinion No. 0-2795 (1940).

## S U M M A R Y

A company picking up and delivering metal belonging to its customers for galvanization without additional charge is not transporting property for compensation or hire in violation of Article 911b, Vernon's Civil Statutes, under the particular facts stated.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Monroe Clayton
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Alvin Zimmerman
Bill Allen
Lonny Zwiener
Ralph Rash

EXECUTIVE ASSISTANT
A. J. Carubbi, Jr.